UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT COOPER,<br><br>                                        Plaintiff,<br><br>- against -<br><br>CITY OF NEW YORK; Police Officer MICHAEL WALSH, Tax No. 945089; Police Officer JERMAINE TAYLOR, Tax No. 937613; Police Officer ANGELO PIZZARRO, Shield No. 29275; and Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                        Defendants. | **DEFENDANTS CITY OF NEW YORK'S AND POLICE OFFICERS WALSH'S, TAYLOR'S AND PIZZARRO'S ANSWER TO THE COMPLAINT**<br><br>14-CV-1761 (RJD) (RML)<br><br>**ECF**<br><br>**JURY DEMANDED** |

Defendants City of New York and Police Officers Michael Walsh, Jermaine Taylor[1] and Angelo Pizzarro, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

      1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action and proceed as stated therein.

      2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action and proceed as stated therein.

      3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Officer Taylor was promoted to the rank of Sergeant subsequent to the events at issue in this suit. He is referred to herein by his previous rank for the sake of simplicity.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the Complaint sets forth plaintiff's demand for a trial by jury which requires no response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that The City of New York is a Municipal Corporation organized and existing under the laws of the State of New York and that it maintains a Police Department, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a for a recitation of the Police Department's functions.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that defendants Michael Walsh, Jermaine Taylor and Angelo Pizzarro were employed by the City of New York as police officers on January 12, 2012, and that plaintiff purports to sue Officers Walsh, Taylor and Pizzarro in their individual and official capacities as set forth therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to sue the John and Jane Doe officers in the individual and official capacities as set forth therein.

11. Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly requires no response.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff was arrested at or about 7:30 p.m., on or about January 12, 2012, at or in the vicinity of 3112 Bayview Avenue in Brooklyn.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff was arrested, handcuffed, and transported in a police vehicle.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that a *Dunway/Mapp* hearing was held on November 14, 15 and 19, 2013, in the Criminal Court of the City of New

York, Kings County in case number 2012KN003462, and respectfully refer the Court to the official record of that proceeding for a full and accurate account of the events therein.

25. Deny the allegations set forth in paragraph "25" of the Complaint, and respectfully refer the Court to the official record of that proceeding for a full and accurate account of the events therein.

26. Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to the official record of that proceeding for a full and accurate account of the events therein.

27. Admit the allegations set forth in paragraph "27" of the Complaint, and respectfully refer the Court to the official record of that proceeding for a full and accurate account of the events therein.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the official record of that proceeding for a full and accurate account of the events therein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except state that the allegations concerning "color of state law" set forth conclusions of law rather than averments of fact and accordingly requires no response.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, Defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except state that the allegations concerning "capacities" set forth conclusions of law rather than averments of fact and accordingly requires no response.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint including all subparts thereto, and respectfully refer the Court to the official records of the proceedings listed therein for a full and accurate account of those proceedings.

61. Deny the allegations set forth in paragraph "61" of the Complaint including all subparts and footnotes thereto, and respectfully refer the Court to the documents, publications, and official records of the proceedings listed therein for a full and accurate account of those proceedings.

62. Deny the allegations set forth in paragraph "62" of the Complaint including all subparts and footnotes thereto, and respectfully refer the Court to the documents, publications, and official records of the proceedings listed therein for a full and accurate account of those proceedings.

63. Deny the allegations set forth in paragraph "63" of the Complaint including all subparts and footnotes thereto, and respectfully refer the Court to the documents, publications, and official records of the proceedings listed therein for a full and accurate account of those proceedings.

64. Deny the allegations set forth in paragraph "64" of the Complaint including all subparts and footnotes thereto, and respectfully refer the Court to the documents, publications, and official records of the proceedings listed therein for a full and accurate account of those proceedings.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

74. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

75. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

76. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

77. There was probable cause for Plaintiff's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

78. There was reasonable suspicion and/or probable cause for any stop and/or search.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

79. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

80. Any claims plaintiff might assert under state law may be barred, in whole or in part for failure to comply with conditions precedent to suit under New York General Municipal Law Sections 50-e et seq.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

81. Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

82. Plaintiff failed to mitigate his damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

83. Plaintiff lacks standing to assert his stated claim against the City of New York.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

84. Defendants Walsh, Taylor and Pizzarro have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore are protected by qualified immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

85. At all times relevant to the acts alleged in the Complaint, defendants Walsh, Taylor and Pizzarro acted reasonably in the proper and lawful exercise of their discretion.

## **AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

86. Any criminal prosecution of Plaintiff was initiated and continued upon the independent judgment of the District Attorney.

**WHEREFORE**, Defendants City of New York and Police Officers Michael Walsh, Jermaine Taylor and Angelo Pizzarro request judgment dismissing the First Amended Complaint as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

August 28, 2014  
New York, New York

**ZACHARY W. CARTER**  
Corporation Counsel of the City of New York  
*Attorney for Defendants City, Walsh, Taylor and Pizzarro*  
100 Church Street  
New York, New York 10007  
(212) 356-2661

By: _____  
Tobias E. Zimmerman  
*Assistant Corporation Counsel*

cc: Robert Marinelli, Esq. (**via ECF**)  
*Attorney for Plaintiff*