

**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

November 24, 2015

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Robert Cooper v. City of New York, et al.
            14-CV-1761 (RJD) (RML)

Your Honor:

    I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the City and the named police officers in the above-referenced matter. Defendants write in opposition to Plaintiff's letter motion dated November 19, 2015 ("Pl.'s Mot.") (ECF No. 14). Plaintiff's motion mischaracterizes the record of this case and seeks to create the appearance of a discovery dispute where none truly exists.

    Plaintiff requests that the Court "issue an order compelling the defendants to produce their personnel records by December 1, 2015." Plaintiff claims that "defendants have produced certain records from defendants' personnel file[sic]" and also that "[d]uring a recent deposition, plaintiff learned that undisclosed personnel records could be highly relevant and asked defendants to provide these missing documents." However, Plaintiff does not identify these allegedly "undisclosed personnel records," nor does he even provide the Court or Defendants with specific references to the transcript of the deposition in question, or provide any other information that might shed light on what documents Plaintiff is now claiming were not previously produced.

    Contrary to Plaintiff's unsupported insinuation that Defendants have improperly withheld documents, the present "dispute" is really much simpler. On October 14, 2015, Plaintiff's counsel sent an email claiming that "at defendant Pizzarro's deposition last week, plaintiff learned 1:) that defendant received a promotion in sometime in 2014 and 2:) recently had his duties modified." See Email from R. Marinelli, dated October 14, 2015, attached hereto as Exhibit A. Citing to his original discovery requests, Plaintiff then "demand[ed] production of defendant's complete personnel and disciplinary records . . . including the time period encompassing the fore-mentioned." See id. In reality, the entire personnel files for all three of the defendant officers were previously produced on November 19, **2014**. However, to

accommodate Plaintiff's request for documents concerning Police Officer Pizzarro's promotion (from Police Officer to Detective Specialist), Defendants immediately agreed to "request updated copies of the personnel and disciplinary documents . . . [to] see what (if anything) is new since the copies we produced."  See Email from T. Zimmerman, dated October 14, 2015, attached hereto as Exhibit B.  Plaintiff's counsel wrote back immediately to say "[t]hank you, I appreciate the cooperation."  See 2nd Email from R. Marinelli, dated October 14, 2015, attached hereto as Exhibit C.

As promised, Defendants' counsel immediately forwarded to the NYPD a request for updated versions of the same disciplinary and personnel documents provided last year.  Because Mr. Marinelli specifically mentioned Detective Pizzarro's promotion, defense counsel also obtained the NYPD Personnel Orders that list both the promotions and official commendations for all three defendant officers, each of whom has been promoted since the incident in question.  Once the documents started coming in, it rapidly became clear that they contained little or no new material.  In fact, none of the officers' disciplinary histories contained any new information over what was previously produced.  Plaintiff has not seen fit to inform the Court that Defendants have already produced, on November 17, 2015, both the updated disciplinary files, as well as the Personnel Orders.

All three of the personnel files in question were hand delivered to the Law Department on November 23, 2015.  Defendants' counsel is presently reviewing those files to determine if there are any new materials requiring production, and will produce any such materials as soon as possible.[1]

Defendants note that, apart from a few conclusory statements, Plaintiff has provided no details as to why he believes that any of these documents – the personnel files, or the updated disciplinary records – are likely to be relevant, much less admissible, in the present action.  Plaintiff elected to postpone the depositions of the other two defendant officers pending receipt of these files, even though it is highly unlikely that any of the newly produced materials will be the least bit relevant to those depositions.  As such, to the extent this unnecessary dispute has delayed the completion of depositions, the blame rests entirely with Plaintiff.

Defendants have agreed to provide the supplemental discovery demanded by the Plaintiff, and much of those materials have already been produced, while the remaining materials are presently being reviewed and prepared for production.  Accordingly, Plaintiff's motion to compel should be denied as moot.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

---

[1] While Defendants will endeavor to complete that process on or before December 5, 2015, it may require a few extra days beyond that due to the intervening Thanksgiving holiday.

cc: Robert Marinelli, Esq. **(via ECF)**
   *Attorney for Plaintiff*