

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>Corporation Counsel | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **TOBIAS E. ZIMMERMAN**<br>phone: (212) 356-2661<br>fax: (212) 356-3509<br>tzimmerm@law.nyc.gov |

December 8, 2015

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Robert Cooper v. City of New York, et al.</u>
            14-CV-1761 (RJD) (RML)

Your Honor:

       I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the City and the named police officers in the above-referenced matter. Defendants write pursuant to Rules 26(b)(2) and 26(c) of the Federal Rules of Civil Procedure[1] and Local Civil Rule 37.3 to request a protective order prohibiting the discovery sought by Plaintiff's Rule 30(b)(6) Deposition Notice dated November 19, 2015, which is attached hereto as Exhibit "A". Defendants' counsel hereby certifies that he has met and conferred in good faith with Plaintiff's counsel, Robert Marinelli, Esq., by email and telephone, but the parties have been unable to resolve this dispute without the Court's intervention.

      **Background of the Dispute**

       Plaintiff's 30(b)(6) notice purports to seek information about what Plaintiff describes as "the N.Y.P.D.'s Risk Assessment Unit". <u>See</u> Exh. A at ¶ 1-5. Plaintiff is apparently seeking this information as a result of a single meeting that one of the individual defendants, Detective Angelo Pizzarro, had with members of the NYPD Legal Bureau earlier this year. The purpose of that meeting was to discuss this case, as well as the numerous other frivolous cases that Plaintiff's counsel has filed against Detective Pizzarro over the past few years. The fact that this meeting occurred was revealed during Detective Pizzarro's deposition on October 8, 2015. When asked whether he had met with any City employees about either the criminal case against Plaintiff or this lawsuit, Detective Pizzarro replied "[b]esides NYPD Legal, no, at risk

---

[1] Defendants are relying on, and each cite set forth in this letter is to, the Federal Rules of Civil Procedure as amended December 1, 2015.

assessment." 10/08/15 Pizzarro Tr., attached hereto as Exhibit B, at 179:09-10. Further limited questioning established approximately when this meeting occurred, see id. at 180:19-24 ("a few months ago"), and that the participants were attorneys. See id. at 179:11-17, 180:09-12.[2] Detective Pizzarro was also allowed to give limited information regarding his own understanding of the purpose of his meeting with that group, which he had described as "risk assessment." See id. at 179:18-180:08 ("they are assigned to me to overwatch lawsuits I may get."). This is the extent of the information that Plaintiff has, and on which he bases his sweeping demand for discovery into the "N.Y.P.D.'s Risk Assessment Unit."

### **Defendants Are Entitled To A Protective Order**

Defendants are entitled to a protective order "forbidding the disclosure or discovery" sought by Plaintiff, Fed. R. Civ. P. 26(c)(1)(A), for at least three separate reasons, each set forth more fully below. First, the information sought is neither "relevant to any party's claim or defense [nor] proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Second, to the extent relevant and responsive information even exists, it would consist entirely of privileged attorney-client communications, attorney work product, and/or information covered by the deliberative process privilege. Finally, Plaintiff's attempt to broaden the scope of discovery at this late date is untimely and should not be allowed.

### Relevance

Plaintiff was arrested on January 12, 2012, and prosecuted for criminal possession of a firearm up to December 16, 2013, when the charges against him were dismissed. The claims in this lawsuit relate entirely to that arrest and prosecution. It should be readily apparent that a meeting that occurred "a few months" before October 8, 2015, is neither "relevant to any to party's claim or defense [nor] proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Despite the attempts to meet and confer in good faith on this issue, Defendants still do not have any understanding of the reasoning behind Plaintiff's assertion that this discovery is relevant to this case.[3]

### Privilege

Detective Pizzarro was not asked about the specific communications he had with attorneys in that meeting, and defense counsel would have objected and instructed him not to answer any such questions if they had been asked. Nevertheless, it is clear from the information that Plaintiff elicited during the deposition that the communications in that meeting are covered by the attorney-client privilege, and that any documents that the attorneys might have generated in connection with that meeting would be work product exempt from disclosure.

---

[2] Both of the individuals identified, Laura Mulle and Ruby [Marin-]Jordan, are attorneys employed by NYPD under the Deputy Commissioner, Legal Matters.

[3] Defendants reserve the right to respond to any such arguments that Plaintiff might subsequently articulate.

The attorneys that Detective Pizzarro met with are part of NYPD's Enterprise Liability Assessment Unit under the Risk Mitigation Division, Risk Management Bureau.[4] That unit's functions include: (1) analyzing lawsuits and claims filed against the NYPD and its members; (2) identifying and mitigating legal risks to the NYPD; and (3) assisting the New York City Law Department in defending lawsuits brought against the NYPD and its members. In short, this group of attorneys performs the same functions that in-house counsels perform for any large organizations, public or private. There can be little question that communications between these attorneys and individual members of the organization that they represent are privileged attorney-client communications. See e.g., Upjohn Co. v. United States, 449 U.S. 383 (1981). Moreover, any written documents produced by these attorneys concerning either this case, or any of the other cases Plaintiff's counsel has filed against Detective Pizzarro would be work product exempt from discovery. See id.

With respect to documents and information held by the Enterprise Liability Assessment Unit on matters unrelated to this case, such materials would clearly be beyond the scope of discovery set forth in Rule 26(b)(1). Even if Plaintiff could establish relevance, the information he seeks would almost certainly be covered not only by the attorney-client privilege, but also by the deliberative process privilege.[5]

In sum, virtually any substantive question that Plaintiff might ask during the proposed deposition would be subject to an objection and instruction not to answer. There is no purpose to be served by holding such a deposition, even if the notice covered topics actually relevant to the present case, which it does not.

Timeliness

Both the parties and the Court have been operating on Plaintiff's several representations that the only remaining tasks to accomplish in discovery were the depositions of the remaining two individual defendants. Those depositions have been postponed several times, most recently to allow Plaintiff to review any new materials revealed by Defendants supplementation of their previous productions.[6] While Plaintiff may claim that his 30(b)(6) notice was prompted by the testimony obtained from Detective Pizzarro, that argument fails to explain why the notice was not served until five weeks after that deposition occurred. Discovery in this case is presently scheduled to close on December 9, 2015. While the parties will be requesting a further brief

---

[4] This group, or at least portions of it, were formerly known as the "Risk Assessment Unit".

[5] The purpose of the deliberative process privilege "'is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the [g]overnment.'" NAACP Legal Def. & Educ. Fund, Inc., v. United States HUD, No. 07 Civ. 3378 (GEL), 2007 U.S. Dist. LEXIS 88027, at *31 (S.D.N.Y. Nov. 30, 2007) (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001) (internal citations omitted).

[6] Defendants have now produced up-to-date personnel and disciplinary records for all three of the individual defendants. As expected, those updated records do not contain any information relevant to this case.

enlargement for the purpose of completing the two remaining depositions, it is far too late for Plaintiff to be opening entirely new avenues of discovery, such as that proposed by his 30(b)(6) notice.

For the foregoing reasons, Defendants respectfully request that the Court issue a protective order prohibiting the discovery sought by Plaintiff's 30(b)(6) deposition notice.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: Robert Marinelli, Esq. **(via ECF)**
*Attorney for Plaintiff*