**ROBERT MARINELLI**
ATTORNEY AT LAW
305 BROADWAY, 9TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

December 29, 2015

**BY ECF**

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Cooper v. City of New York, et al.*, 14-CV-1761 (RJD)(RML)

Dear Judge Levy:

      I represent the plaintiff in the above matter and write in opposition to defendants' motion for a protective order. As discussed below, defendants' motion is untimely and their objections and recitations of privilege are waived. Moreover, defendants' failure to identify the purportedly privileged materials and their refusal to produce a witness for deposition pursuant to Fed. R. Civ. P. 30(b)(6) to discuss the nature of these materials, necessarily prevents the plaintiff -- and the Court -- from determining whether there is any merit to defendants' assertions of privilege. Finally, defendants' motion also fails on the merits as they are not entitled to protection under any of the asserted privileges.

Relevant Background

      On September 9, 2014, plaintiff served discovery demands on defendants seeking, in relevant part:

> "all documents in the possession, custody or control of the NYPD or of any other department or agency of the City of New York including all underlying files, transcripts of all hearings, recordings of all interviews and statements and all exhibits including audio-visual materials reflecting all

employment-related proceedings (including, but not limited to, inquiries and investigations)".

Defendants responded on November 14, 2014 but, citing various boilerplate objections and assorted privileges, failed to produce any responsive materials or information. Notably, defendants neither produced a privilege log nor moved for a protective order.

Notwithstanding defendants' initial non-response, the parties discussed the matter and agreed via email that defendants would provide the requested information if plaintiffs agreed (which he did) that the "usual confidentiality terms apply." Defendants have yet to provide a proposed written confidentiality stipulation. The defendants then produced certain materials including portions of the defendant's personnel records.

Defendant Pizzarro's Deposition

On October 8, 2015 plaintiff deposed defendant Pizzarro, during which the defendant stated he was informed by a "Captain Palumbo" that he was being "pulled off the street" because he was a "liability to the department." Later in this deposition Pizzarro testified that he had a single meeting with two individuals from the Risk Assessment Unit ("RAU").  According to Pizzarro, the RAU is assigned to him to "overwatch lawsuits" against him. (See the relevant pages of the Pizzarro Deposition Transcript, annexed hereto as Exhibit 1, at pp. 11-12 and pp. 179-181). This was the first time that the RAU had been mentioned in any way in this litigation.

Nothing contained in the materials produced by defendants suggested that any such review had taken place or that plaintiff or his conduct generally had come under NYPD scrutiny. At no point did the defendants supplement their original discovery response, nor had they identified any materials they were withholding, served a privilege log, moved for a protective order, or taken any steps to indicate that such information or materials existed.

Rather, defendants withheld all mention of the RAU's existence, including any information concerning its interactions with Pizzarro, its review of his performance, or any findings or recommendations it had made with respect to Pizzarro's past performance and prior (mis)conduct. Had Pizzarro not unexpectedly testified as he did, plaintiff would not have learned of the RAU's involvement.

Plaintiff renewed his demands for these materials, at and again after the October 8 deposition, notwithstanding defendants' independent and preexisting obligation to produce them under the original demand.  Defendants eventually reproduced the same

documents previously tendered, none of which had anything to do with the RAU or Pizzarro's testimony.[1]

Plaintiff also served notice on the defendants for a deposition pursuant to Fed. R. Civ. P. 30(b)(6) of the person most familiar with the RAU's operation. The purpose of this deposition was, in large part, to gain an understanding of the nature of the RAU's work, the types of information it gathered and generated, and it's role in the disciplinary and personnel decision-making processes within the NYPD. (A copy of the notice is annexed as Exhibit 2)

Defendants' Objections are Waived

As an initial matter, defendants have waived all objections to the materials sought, including their belated claims of privilege. It is well settled that a party waives objections when it fails to timely respond to discovery demands. *See, e.g., Silva v. Cofresi*, 2014 WL 3809095, at *6 (S.D.N.Y. Aug. 1, 2014); *Parlin Funds LLC v. Gilliams*, 2012 WL 5265554, at *1 (S.D.N.Y. June 15, 2012) report and recommendation adopted, 2012 WL 5258984 (S.D.N.Y. Oct. 23, 2012); *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009); *Sherwin Williams Co. v. Spitzer*, 2005 WL 2128938, at *16 (N.D.N.Y. Aug. 24, 2005). Here, defendants' objections on relevancy, and any other ground, are not only without merit, but are waived, as the responses were untimely.

Furthermore, as the Law Department has recently argued in another matter, that a party waives its right to withhold discoverable information on the basis of a privilege when it fails to comply in a timely manner with the express requirements articulated in Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2. Under Rule 26(b)(5), a party seeking such protection must not only expressly make the claim, but also describe the discovery for which the privilege is being asserted. This Court's Local Civil Rule 26.2(a)(2)(A) states that a party claiming privilege must identify, in part, the general subject matter of the document(s) in question. When a party withholds information in response to a discovery demand on the basis of privilege, that party must furnish the identifying information at the time of the discovery response or it is waived. *SEC v. Yorkville Advisors*, 300 F.R.D. 152. 167 (S.D.N.Y. 2014) (party waived its claims of privilege by failing to timely produce a proper privilege log).

Defendants' current motion was made more than a year after their initial discovery responses. No privilege log was proffered and the materials in question were never identified. It is only now, after plaintiff stumbled across the existence of this discovery, that defendants reluctantly acknowledged its existence and, some time later, moved for a protective

---

[1] Plaintiff will be renewing his motion to compel production of updated personnel records shortly.

order. This laborious response is the epitome of untimely. Accordingly defendants' reliance on various privileges are waived. They are also without merit.

Privileges Improperly Asserted

Timeliness aside, defendants have failed to undertake any of the steps necessary to invoke the privileges articulated in their motion. The plain language of Fed. R. Civ. P. 26(a)(5)(A) requires that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make that claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Id. The rule dovetails with this Court's Local Rule 26.2, which details the various categories of information a party invoking any claim of privilege, including but not limited to one sounding attorney-client or work-product, must provide about the nature of the allegedly privileged information so that the non-moving party can determine the validity of the claim.

Here, defendants make no effort to satisfy this requirement. Rather, defendants simply fold into their motion some vague descriptions of certain activities and broad self-serving and unsubstantiated claims that the information would plainly be privileged or irrelevant. Defendants' *ipse dixit* motion was thus filed without the foundation expressly required by Rule 26(a)(5)(A) and Local Rule 26.2, frustrating the plaintiff's ability to conduct an adequate analysis of the protection requested.

The plaintiff sought the 30(b)(6) deposition precisely so that he could gain a better understanding of the role played by the RAU generally, the types of information it gathers, how that information is used, the documentation generated by the RAU, and both the nature of the unit's decision making and it's role in the NYPD's handling of personnel matters. None of this information could be deemed privileged, nor does the defendants' motion argue that it is.

Had this deposition proceeded, the plaintiff would have a better understanding of the RAU's role generally and with respect to defendant Pizzarro. This would allow plaintiff

(and the defendants) a clearer understanding as to the applicability of the claimed privileges, and would either obviate the need for the motion or clarify the questions presented. By refusing to produce a witness for the deposition, the defendants have made such clarity impossible. The underlying muddiness of the application is amplified by defendants' concurrent refusal to produce a privilege log.

No Privileges Apply

### Attorney Client Privilege Does Not Apply

In any event, based on the slender reeds in the defendants' motion, plaintiff disputes that any privilege applies. With respect to the attorney-client privilege, defendants' entire argument is that "[t]here can be little question that communications between these attorneys and individual members of the organization that they represent are privileged attorney-client communications." (Zimmerman letter at 3). This sweeping statement distorts and misstates the case law upon which defendants rely. In the lone case defendants cite, *Upjohn Co. v. United States*, the Supreme Court found that the privilege existed where general counsel interviewed lower level employees about specific events involving the corporation in order to render legal advice to the client corporation about those events. 449 U.S. 383, 394, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981). Nothing about *Upjohn* or its progeny suggests that all communications between an organization's general counsel and any or all of its employees are privileged. In fact, the opposite is the case. *See, e.g., In re John Doe Corp.*, 675 F.2d 482, 488 (2d Cir. 1982) ("The Upjohn privilege is clearly limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it."). As the Second Circuit has also held,

> At the same time, we construe the privilege narrowly because it renders relevant information undiscoverable; we apply it only where necessary to achieve its purpose. The burden of establishing the applicability of the privilege rests with the party invoking it.

*In Re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). As is clear from defendants' threadbare motion -- setting aside defendants' untimely application aside, waiver, and failure to abide by the requirements of Rule 26(a)(5) and Local Rule 26.2 -- no such showing has been nor could be made. This is particularly so given defendants' refusal to produce a proper Rule 30(b)(6) witness for deposition.

### Work-Product Privilege Does Not Apply

Defendants similarly assert but fail to articulate how the work-product privilege could apply, arguing merely that any written documents produced by these attorneys concerning this case, or any of the other cases Plaintiff's counsel has filed against Detective Pizzarro, is work product exempt from discovery. (Zimmerman letter at 3). This overstates the applicable law, which reads: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A); *see also*, *State Farm Mut. Auto. Ins. Co. v. E. Med., P.C.*, 2008 WL 3200256, at *6 (E.D.N.Y. Aug. 5, 2008) aff'd, 2011 WL 282216 (E.D.N.Y. Jan. 26, 2011) ("The court stresses that investigatory reports and materials are not protected by the attorney client privilege or the work product doctrine merely because they are provided to, or prepared by, counsel." (Internal quotations and citations omitted)).

Nothing in defendants' motion explains why all materials sought by plaintiff would be work-product, or even why the more limited category identified by defendants in their motion, deserve such protection. The NYPD is not a party to the action and NYPD's legal department does not represent either the municipal or individual defendant, both of whom are represented by the New York City Law Department, and nothing about the RAU's actions with respect to Pizzarro have anything to do with this litigation. Thus, the defendants have not made any showing that such protections are warranted.

At the same time, these materials are plainly discoverable as they document Pizzarro's past bad acts and the municipal defendants' knowledge of this past misconduct. It is clear that "[p]rior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in § 1983 actions." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). What and when the NYPD knew regarding Pizzarro's on-the-job behavior is thus also relevant to the *Monell* claim as it relates to the City's failure to supervise its officers even in the face of their known wrongdoing. In the instant matter the NYPD rewarded this misconduct by promoting Pizzarro to Detective shortly before removing him from street-duty.

## The Deliberative Process Privilege Does Not Apply

The defendants' have made no showing that they are entitled to Deliberative Process Privilege protection. The NYPD's documentation concerning Pizzarro is outside the scope of the privilege. As one district court noted,

> A document is deliberative if it is actually ... related to the process
> by which policies are formulated. Factors used to determine

whether a document is deliberative include whether the document (i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency. The privilege does not extend to purely factual material or documents later adopted or incorporated into a final agency opinion. The privilege also does not extend to materials related to the explanation, interpretation or application of an existing policy, as opposed to the formulation of a new policy.

*Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 811 F. Supp. 2d 713, 735-736 (S.D.N.Y. 2011) (Internal quotations and footnotes omitted). The district court made clear that the application was limited to discussions about the creation of a policy, not merely how the policy would apply to a particular individual after the fact. *Id.* at 74143. In this case, plaintiff is not interested in documents concerning the formation of the RAU but rather the role of the RAU generally, as well as with respect to defendant Pizzarro. The privilege is inapplicable on its face.

For these reasons, defendants' motion for a protective order should be denied in its entirety and the defendants compelled to produce the withheld materials as well as the appropriate witness for deposition pursuant to Rule 30(b)(6). If the Court is inclined to direct the defendants to submit further materials, such as a privilege log, plaintiff respectfully requests the right to supplement his response.

Thank you for your kind consideration.

Respectfully submitted,

/s

Robert Marinelli

Att.
cc:     Tobias Zimmerman, ACC (By ECF)