

**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

May 16, 2016

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  Robert Cooper v. City of New York, et al.
      14-CV-1761 (RJD) (RML)

Your Honor:

   I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the City and the named police officers in the above-referenced matter.  Defendants write in opposition to Plaintiff's most recent motion to compel, dated May 11, 2016 (ECF No. 26).  Defendants also request that the Court stay enforcement of its previous Order dated April 27, 2016, and instead schedule an in-person conference at its earliest convenience for the purpose of addressing both the difficulties Defendants face complying with the April 27th Order, as set forth below, as well as the overall progress of discovery in this case, which has devolved into a campaign of outright harassment by Plaintiff.[1]

   **The Instant Motion to Compel (ECF No. 26)**

   First, it is important to note that discovery in this case closed on December 8, 2015, more than *ten (10) months* after the original, agreed-upon deadline.  See Minute Entry dated September 9, 2014 (adopting discovery deadline of January 30, 2015); Minute Entry dated February 2, 2015 (granting joint motion to extend discovery to March 20, 2015); Minute Entry dated March 20, 2015 (extending discovery deadline to May 15, 2015); Minute Entry dated June 22, 2015 (extending discovery to September 4, 2015); Minute Entry dated August 13, 2015 (extending discovery due to illness of counsel to October 13, 2015); Minute Entry dated October 20, 2015 (setting discovery deadline of December 8, 2015 and scheduling final pretrial conference for December 9, 2015).  Defendants are not aware of any requests, by either side, to

---

[1] Plaintiff's counsel also requests an in-person conference which he hopes "will inspire more decorous behavior from the Parties" (ECF No. 26 at n.1).  Insofar as "decorous" includes a greater attention to the duty of candor to the Court, Defendants could not agree more.

extend the December 8, 2015 deadline, and the docket reflects no further extensions by the Court.

Furthermore, *none* of the issues raised by Plaintiff before or after the close of discovery have touched upon information that Plaintiff did not obtain well before the discovery cut-off. For example, Plaintiff's most recent motion (ECF No. 26) claims deficiencies with Defendants' responses to Plaintiff's document demands, alleging there are numerous documents that not only exist, but that should have been produced. Plaintiff claims that he "has only recently been able to identify some of [the documents he seeks] through study of Defendants' paper discovery and deposition testimony to date. . . ." ECF No. 26 at 4. However, Plaintiff does not explain why he has "only recently" been able to identify perceived deficiencies in discovery responses that were produced on November 19, 2014, nearly eighteen (18) months ago. To the extent Plaintiff claims that he discovered new information through "Defendants' deposition testimony" the sole deposition Plaintiff has taken in this case, Detective Angelo Pizzarro, was conducted on October 9, 2015. Plaintiff cannot plausibly claim that he only "recently" gleaned the need for new discovery from Detective Pizzarro's deposition testimony when he has already precipitated a lengthy, and ultimately fruitless, discovery fight concerning issues that arose during that deposition. See ECF Nos. 14, 16 & 19. For this reason alone Plaintiff's most recent motion should be denied. See In re Health Mgmt., 96-CV-0889 (ADS), 1999 U.S. Dist. LEXIS 22729, at *14-15 (E.D.N.Y. Sep. 25, 1999) (collecting cases).

Second, Plaintiff's most recent motion contains some significant distortions of both recent conversations between counsel, as well as the procedural history of this case, all apparently aimed at painting Defendants in a negative light while excusing Plaintiff's own discovery practices which have been, by turns, both dilatory and abusive. For example, contrary to Plaintiff's letter, the effort to informally resolve the present dispute was hardly in "good faith." It is interesting that Plaintiff references, but does not attach the "detailed letter" he sent on April 25, 2016, "explaining Plaintiff's position on missing discovery documents." ECF No. 26 at 1. Had Plaintiff included that letter, attached hereto as Exhibit "A", the Court would have seen that Plaintiff's counsel accused Defendants of "providing incorrect information about the existence of IAB files" that were, in fact, the subject of extensive litigation before Your Honor one year ago. See Minute Entry dated May 15, 2015 (referencing rulings made on the record). One of the files that Plaintiff's counsel accused Defendants of concealing was IAB File No. 08-27868, which Your Honor ordered Defendants to make available for inspection. Id.[2] Far from "providing incorrect information about the existence of this file", Defendants not only produced, on May 29, 2015, the closing memo from that investigation, but that same day invited Plaintiff's counsel "to come and review the entire file at our office." See Email from T. Zimmerman dated May 29, 2015, attached hereto as Exhibit "B".[3] Plaintiff's counsel never responded to the email of May 29, 2015, never came to view the file when it was offered for inspection, and, as his

---

[2] Due to an apparent typo, the docket refers to this file as 0**9**-27868.

[3] Defendants not only re-forwarded this email to Plaintiff's counsel last week, they had to send it several times before Plaintiff's counsel acknowledged its contents.

April 25, 2016, letter makes clear, never even reviewed the numerous disciplinary related documents that were produced between April and June of last year.[4]

Plaintiff's inattention to the documents extends to many of the documents that are the subject to the most instant motion.  For example, Plaintiff claims that Defendants have "refused to produce" the "ESU Services Unit Report."  ECF No. 26 at 4.  Defendants produced that document on or about June 26, 2015.  See Letter from T. Zimmerman dated June 26, 2015, attached hereto as Exhibit "D".[5]  Similarly, the "Report by the Police Laboratory regarding the operability of the firearm as well any other reports prepared by the Police Laboratory" (ECF No. 26 at 5) were also produced on or about June 26, 2015.  Id.  Other documents identified in Plaintiff's letter motion would clearly not be within Defendants' possession, custody or control, e.g., "Court Order for DNA testing of Mr. Cooper."  ECF No. 26 at 6.  Moreover, Defendants also produced the report by the Office of Chief Medical Examiner reporting that insufficient DNA was recovered from the firearm to permit comparison, which clearly indicates that there would be no "DNA Reports comparing DNA taken from Mr. Cooper to DNA removed from the firearm."  ECF No. 26 at 6.

It could not be more clear that Plaintiff's discovery strategy is aimed far more at generating work for Defendants than at any legitimate need for information.  After all, Plaintiff has obviously not bothered to review most of the information that has already been produced and/or offered to him in this litigation.  These types of discovery tactics should not be countenanced by the Court.

Finally, the Court should note that Plaintiff's distortions are not limited to the procedural history of this litigation.  Plaintiff's counsel asks the Court to recall that "Officer Pizzarro perjured himself and fabricated evidence relating to his memobook in the underlying matter."  ECF No. 26 at 3.  This statement merely reflects Plaintiff's counsel's wishful thinking about Officer Pizzarro, against whom he has waged an unrelenting campaign of litigation.  In fact, while the criminal court judge made certain, unfortunate remarks about his perception of Officer Pizzarro's testimony during a Mapp/Dunway hearing – testimony about a completely tangential issue – there has never been a finding that Officer Pizzarro committed perjury or "fabricated evidence."  Just the opposite, Plaintiff's counsel has already been given at least one opportunity to lay this theory before a jury in a civil case in which Officer Pizzarro was named as a defendant.  That jury returned a complete defense verdict.

---

[4] After finally reading the May 29, 2015, email with sufficient attention to see the previous invitation to review the entire file that was partially produced, Plaintiff's counsel responded, on May 5, 2016, to say "Thanks, I did not see that portion. I would like to review them."  See Email from R. Marinelli dated May 5, 2016, attached hereto as Exhibit "C".  Defendants believe that Plaintiff has waived his right to this discovery through his delay.

[5] In that same section of Plaintiff's letter, he refers to a "Stop Question and Frist Report as referenced in Defendants' disclosures."  ECF No. 26 at 4.  Defendants have reviewed their Initial Disclosures, dated September 9, 2014, and see no reference to a such a document, and do not believe that any such document was identified in any supplemental disclosure.

**The January 28, 2016 Motion to Compel (ECF No. 22) and the Court's April 27, 2016 Order Granting the Motion as Unopposed**

With respect to the Plaintiff's letter motion dated January 28, 2016 (ECF No. 22), Defendants first and foremost apologize to the Court for not addressing this matter in a more timely fashion.  Defendants can only state that the existence of that motion on the docket became lost in the shuffle during a period of extraordinary demands on undersigned counsel.  Coupled with the other motion to compel that was then pending (ECF No. 19), Plaintiff's completely unnecessary follow-on motion (ECF No. 20), as well responding to the Court's requests for additional information in connection with Defendants' own motion for a Protective Order (ECF No. 16), the later-filed motion pertaining to Detective Pizzarro's memobook and the Defendants' personnel records became overlooked.  Moreover, Defendants believed that the issues raised in the January 28, 2016 motion had already been resolved in the motions practice that occurred in November 2015 (see ECF Nos. 14 & 15).

At the present time, Defendants are willing to accept that they have potentially waived their right to object to certain portions of the Court's Order dated April 27, 2016.[6]  Defendants are prepared to make Detective Pizzarro's memobook from the period August 12 to December 13, 2012, available for inspection at the Office of Corporation Counsel.[7]  However, Defendants request an extension of time to comply with that portion of the Court's Order, as it requires coordinating with Detective Pizzarro's schedule so that he can bring the memobook to our Office and stand by while Plaintiff's counsel inspects it.

With respect to the portion of the Court's Order concerning personnel and disciplinary records, Defendants have been unable to discern precisely what Plaintiff is seeking.  Insofar as Plaintiff's January 28th motion was seeking the same thing that was sought in the letter motion of November 19, 2015 (ECF No. 14), then Defendants can certify that they have produced everything that they represented would be produced in their response dated November 24, 2015 (ECF No. 15).  Specifically, in the course of this litigation Defendants have previously produced: (1) Defendants' central personnel files (the files maintained by NYPD's Personnel Bureau); (2) Defendants' disciplinary histories, including CCRB Résumés, IAB Résumés, and Central Personnel Indexes); and (3) those underlying disciplinary files that the Court ordered production of on May 15, 2015.  Defendants further supplemented the first two categories of documents in

---

[6] Defendants further apologize for this delayed response to the Court's Order, which undersigned counsel misread to establish consistent deadlines of May *16*, 2016, in each of its parts.  It was only on reviewing that entry on the docket while drafting this response that defense counsel noted that the Order set forth certain deadlines for May *6th*, and another for May 16th.  Defense counsel begs to be excused for this inadvertent misreading of the ECF bounce, and asks that the relief requested herein be granted *nunc pro tunc*.

[7] Defendants remain baffled as to how this memobook could possibly be relevant to a case that concerns an arrest that occurred on January 12, 2012.

- 4 -

November and early December 2015.[8]  Thus, even though Defendants have sought, on numerous occasions, to clarify what documents Plaintiff believes he is entitled to, they have yet to receive any detailed description of what they are expected to produce in this regard.  Accordingly, insofar as Defendants are concerned, they have long since produced all of the "personnel" and "disciplinary" documents that Plaintiff is entitled to in this litigation, including those documents that Defendants were specifically ordered to produce over their objections.  As noted above, it is abundantly clear that Plaintiff never bothered to review the disciplinary records that were previously produced.  To the extend Plaintiff believes there are additional documents requiring production, perhaps those matters can be clarified at a hearing, at which time Plaintiff can also explain how those additional records are relevant, much less proportional, to the needs of this case.

Defendants join Plaintiff's request for an in-person hearing to address these, and other matters concerning not only the course of discovery in this case, but also certain representations made to the Court by Plaintiff's counsel.  Defendants further request that the terms of the Court's April 27, 2016 Order be stayed pending that conference.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,


Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

---

[8] There were no new disciplinary matters to disclose between the two productions, and therefore no new documents in the third category.