**ROBERT MARINELLI**
ATTORNEY BROADWAY, SUITE 1501
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

May 17, 2016

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Cooper v. City of New York, et al.*, 14-CV-1761 (RJD)(RML)

Your Honor:

I represent plaintiffs in this matter and write in advance of the conference scheduled for May 19, 2016, and in opposition to that part of defendants' letter dated May 16, 2016, seeking to stay enforcement of Your Honor's Order of April 27, 2016. As they all but admit, the defendants have deliberately refused to comply with the Court's Order.

Accordingly, plaintiff respectfully requests that the Court grant two categories of relief. First, plaintiff asks the Court to require defendants to immediately produce the withheld discovery or face daily sanctions. Second, plaintiff asks the Court to impose sanctions upon defendants to compensate plaintiff for time spent making the motion that gave rise to the April 27, 2016 Order, then for the time spent making the instant application

### The Court's Order of April 27, 2016

On January 28, 2016 plaintiff requested that the Court compel the production of certain documents, including certain personnel records relating to a change in the status of defendant Pizzarro's duties as a police officer and the opportunity to inspect a suspicious change in the condition of Officer Pizzarro's memo book containing the period August 12 to December 13, 2012.. (See Docket 19). Defendants failed to respond and on February 16, 2016, plaintiff submitted a request that his motion be granted as unopposed. The defendants ignored this request just as they had the January 28 application.

On April 27, 2016, the Court granted plaintiff's unopposed motion and ordered defendants to (i) confirm by affidavit or declaration on or before May 6 that they conducted a diligent search for, and have produced, all existing personnel and disciplinary records for Pizzarro, and to produce any heretofore un-produced records; and (ii) by May 16, to make available for inspection Pizzarro's memo book used between August 12 and December 13, 2012. To date, defendants have done neither.

### Defendants' May 17 Application

Early this morning, the defendants finally addressed this matter, proffering a series of excuses that are, waiver aside, wholly incredible. I will discuss them briefly in turn.

### Defendant Was Too Busy and Did Not See Order

Defendants assert that the existence of plaintiffs' motion was "lost in the shuffle" during a period of extraordinary demands, and that they were ignorant of plaintiff's original motion (Docket 19), the subsequent request to grant the January 28 motion as unopposed (Docket 20), and the subsequent April 27 order. One could not be blamed for raising an eyebrow at such a dubious claim, which if true, is an admission of serious and repeated negligence.

### Defendant Misread Order

Defendants next claim that they failed to meet the May 6 deadline because they "misread" the Court's Order to read that defendants' obligations were all due on May 16. Docket No. 27 at n.6.

This claim is simply not credible. First, defendants cannot seriously claim both that plaintiff's motion was a 'lost in the shuffle" and that they missed the May 6 deadline because, they "misread" it as imposing a May 16 due date. While alternative pleading has its place in litigation, such contradictory explanations in this context necessarily means that at least one of defendants' proffered excuses is a fabrication, if not both.

### Defendants Have Still Not Produced the Ordered Discovery

Moreover, even if defendants' misreading claim were credited, all that means is that (a) defendants were aware of the order before May 6, and (b) believed that all of the responsive materials were due no later than yesterday, May 16. Yet, the defendants made no effort to produce any of the materials, failed to discuss the matter with plaintiff, and, most importantly, made no effort to timely request an extension from the Court. The instant application was made in the early hours of May

17, and demonstrates that defendants have made no effort to comply with the Court's order.

Defendants now boldly request a stay of the Order after the expiration of its deadline. Their reason, is that they do not yet have defendant Pizzarro's memo book and getting it would require them to "coordinat[e] with Detective Pizzarro's schedule." In addition, rather than providing the Court-ordered "affirmation or a declaration that [they have conducted] a diligent search" as to other subjects of the Court's instructions, defendants simply tell the Court that "they have produced everything that they represented would be produced in their response dated November 24, 2015."

**Discovery Sanctions Are Appropriate**

The defendants' refusal to respond to plaintiff's motions, suspicious explanations, and flagrant flouting of the Court's order is disrespectful to all concerned. The defendants should be directed to immediately produce the ordered materials or be subjected to daily sanctions relating to this willful failure. In addition, defendants should be further sanctioned by the imposition of plaintiff's legal fees and costs for the making of the original and subsequent motions, as well as the instant application.

Yours truly,

/s

Robert Marinelli