UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT COOPER,

Plaintiff,

-against-

THE CITY OF NEW YORK; et al.,

Defendants.

No. 14-CV-1761 (RJD) (RML)

**REPLY IN FURTHER SUPPORT OF
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants City of New York and Police Officers Michael Walsh, Jermaine Taylor, and Angelo Pizzarro, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this reply in further support of their Motion for Summary Judgment (docket nos. 46 to 49).

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff raises two principal objections to Defendants' motion for summary judgment. First, Plaintiff claims that Defendants should not be allowed to rely on the prior settlement with Plaintiff because Defendants failed to plead waiver or release as affirmative defenses in their answer.  *See* Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Br.") (docket no. 50), at 5–11.  Second, Plaintiff argues that, even if the prior settlement is considered, it does not bar *all* of his claims, and that he should be allowed to proceed on his claims for malicious prosecution and denial of fair trial.  *Id.* at 11–21.  Both of these arguments should be rejected.  As previously discussed at the pre-motion conference, Plaintiff was on notice of Defendants' intent to rely on the prior settlement and he has not suffered any prejudice because of Defendants' failure to plead the affirmative defenses.  Furthermore, as detailed in Defendants' opening brief, the expansive language of the General Release clearly covers any possible liability

arising out of the alleged actions of the Defendants prior to the release date, and no viable claim could be based solely on the officers' actions after the release.  *See generally* Defendants' Memorandum of Law ("Defs.' Br.") (docket no. 49), at 7–19.  Plaintiff has explicitly withdrawn his *Monell* claim against the City of New York, as well as his claim for malicious abuse of process against the individual Defendants.  Pl.'s Br. at 1 n.1.  He has also failed to establish any genuine issue of material fact requiring a trial, and Defendants are entitled to summary judgment on his remaining claims as a matter of law.  The Court should therefore grant Defendants' motion in its entirety and dismiss the Complaint with prejudice.

## I.

### DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO RELY ON THE GENERAL RELEASE PLAINTIFF SIGNED IN SEPTEMBER 2013

Plaintiff argues that Defendants may not rely on—and, consequently, that he is no longer bound by—the General Release he signed in September 2013 because Defendants failed to "expressly plead [waiver or release as an affirmative] defense in their answer."  Pl.'s Br. at 5.[1] Plaintiff asks the Court to apply a hyper-technical application of the Federal Rules of Civil Procedure and deny Defendants' motion without reaching the merits based of their defenses.  Fortunately for Defendants "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

The Second Circuit has "recognized that waiver of an unpleaded defense may not be proper where the defense is raised at the first pragmatically possible time and applying it at that

---

[1] Defendants failure to plead those specific defenses was strictly the result of an oversight by defense counsel.  Defendants did plead other affirmative defenses that arguably overlap, including failure to state a claim and lack of standing.  *See* Answer (docket no. 9) at ¶¶ 74, 83.

time would not unfairly prejudice the opposing party." *Rose v. AmSouth Bank*, 391 F.3d 63, 65 (2d Cir. 2004) (cleaned up).[2]   It is therefore appropriate for a district court to consider an un-pleaded affirmative defense asserted at the summary judgment stage "in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or un-due delay of the proceedings." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry.*, 762 F.3d 165, 176 (2d Cir. 2014) (quoting *Rose*, 391 F.3d at 65).   Doing so promotes "the strong public policy in economizing the use of judicial resources by avoiding relitigation." *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (quoting *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998)).   It is now "well established in this Circuit that an affirmative defense may be asserted even at sum-mary judgment where the party opposing the affirmative defense has the opportunity to respond effectively to that defense, and has otherwise suffered no prejudice as a result of its late plead-ing." *In re Singh*, 434 B.R. 298, 305 (Bankr. E.D.N.Y. 2010) (quoting *In re Livent, Inc. Note-holders Sec. Litig.*, 355 F. Supp. 2d 722, 727 (S.D.N.Y. 2005) and collecting cases).   Both of these conditions are met in this case, and the Court should therefore reject Plaintiff's argument that Defendants waived their affirmative defenses based on the prior release.

Plaintiff has been aware of Defendants' reliance on the *Cooper III* settlement since the beginning of discovery.   At the initial conference on September 9, 2014, Defendants served Rule 26(a)(1) disclosures identifying the "Stipulation of Settlement and Release from Cooper v. City of New York, et al., 13-CV-325 (JG) (RER) [*i.e.*, *Cooper III*]" as "documents . . . that the de-fendants may use to support their claims and/or defenses".   Defendants' Exhibit V, Defs.' Initial

---

[2] The parenthetical "cleaned up" indicates that internal quotation marks, alterations, or citations have been omitted from the quoted passage.   Jack Metzler, *Cleaning Up Quotations*, J. App. Prac. & Process (forthcoming 2018), available at https://ssrn.com/abstract=2935374; *e.g.*, *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. Aug. 1, 2017).

- 3 -

Disclosures, at 2.[3]  Defendants simultaneously served copies of those documents, Bates stamped with the docket number of this case.  *See* Defs.' Exhs. S & T, *Cooper III* Settlement Stip. & General Release. Those disclosures—made only two weeks after the answer was filed (*see* docket no. 9) and before discovery had begun—were a clear indication that Defendants intended to rely on the *Cooper III* settlement, including the September 9, 2013 General Release, to support their defenses in this case.

To the extent Plaintiff had any lingering uncertainty regarding Defendants' intent to assert the *Cooper III* settlement as a defense, that uncertainty could not have survived beyond May 13, 2015, when defense counsel wrote a letter to Magistrate Judge Robert M. Levy quoting and attaching the *Cooper III* General Release as evidence that "Plaintiff has waived <u>all</u> of his claims in this case that accrued prior to September 9, 2013".  05/13/15 Letter from T. Zimmerman at 2 (docket nos. 12 & 13).[4]  Defendants' further telegraphed their affirmative defense the following month by serving Rule 36 Requests to Admit that were directed at the validity and enforceability of the *Cooper III* settlement.  *See* Defs.' 56.1 at ¶¶ 24–28.  Notably, Plaintiff *never objected to that discovery* concerning the prior settlement.  *See* Defs.' Ex. U, Pl.'s Admissions Nos. 30 to 36. Plaintiff's timely response included his admission that the September 9, 2013 General Release is legally binding.  *Id.* at no. 36.[5]

---

[3] Defendants' Exhibits "A" through "U" were annexed to the Declaration of Tobias E. Zimmerman dated July 22, 2017 (docket no. 48).  Exhibit "V" is annexed to the Supplemental Declaration of Tobias E. Zimmerman dated November 3, 2017, filed contemporaneously with this reply.

[4] As set forth in Defendants' opening brief, the *Cooper III* release covers not only claims that had already accrued, but also broadly "extinguished liability for all previous acts by the Defendants that violated Plaintiff's civil rights."  Defs.' Br. at 7; *and see id.* at 9–11; *infra* at 8–10.

[5] Plaintiff's responses were emailed to Defense counsel on July 7, 2014, but were erroneously dated "June 9, 2014".  *See* 07/22/17 Zimmerman Decl. (docket no. 48) at ¶ 22 n.2.

All of the foregoing events occurred before the contentious litigation Plaintiff references in his brief, (Pl.'s Br. at 11), and also well before he began taking depositions.[6]  Moreover, Plaintiff never explains how he might have governed himself differently had Defendants included the affirmative defenses in their answer.  In truth, he would undoubtedly have conducted himself in exactly the same manner.  Plaintiff cannot plausibly claim to have suffered prejudice as a result of Defendants' failure to plead an affirmative defense when he was aware of that defense since early in the litigation.  *See, e.g.*, *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283–84 (2d Cir. 2000)*; Schwind v. EW & Assocs.*, 357 F. Supp. 2d 691, 698–99 (S.D.N.Y. 2005).

Moreover, Plaintiff has had every opportunity to respond to Defendants' assertion of the *Cooper III* General Release as a defense to the claims in this case.  In fact, he has already done so twice: first in his response to Defendants' request for a pre-motion conference (03/17/17 Corrected Letter from R. Marinelli (docket no. 36-1)), and again in his opposition Defendants' motion.  Plaintiff has therefore been given ample opportunity to respond to the unpleaded affirmative defenses of release and waiver, and the Court should consider those defenses on their merits.  *Curry*, 316 F.3d at 330–31 (district court properly considered an affirmative defense that was raised for the first time in a summary judgment reply because plaintiff was given leave to file a sur-reply in response).

The cases cited in Plaintiff's brief are largely inapposite and do not dictate a different result.  Plaintiff argues that, in order to consider an unpleaded defense, the Court must construe Defendants' motion for summary judgment as a motion to amend their answer, and then evaluate that motion under Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  Pl.'s Br. at 6–7.

---

[6] The first deposition taken by Plaintiff was Officer Pizzarro's on October 8, 2015.  *See generally* Defs.' Ex. B, Pizzarro Dep.

Plaintiff goes on to conduct an analysis under those rules and concludes—incorrectly—that Defendants have not established "good cause" under Rule 16(b), and should therefore be precluded from relying on the prior release.  *Id.* at 8–11.  However, that analytical approach appears to have fallen out of use in the Second Circuit, and even the one case cited by Plaintiff that is directly on point does not support his argument here.

It is true that the Second Circuit used to say that a district court had the discretion "to entertain [an unpleaded] defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer."  *Monahan*, 214 F.3d at 283 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  However, in its more recent decisions the Court of Appeals has reached the same result without referring to or discussing the standard for amendment under Rules 15(a) or 16(b).  *See Sompo*, 762 F.3d at 176–78; *Rose*, 391 F.3d at 61; *Curry*, 316 at 330–31; *see also Domenech v. Parts Auth., Inc.,* 653 F. App'x 26, 27 (2d Cir. 2016) ("Even if [Defendants] did not plead the affirmative defense at all, [they] could raise the defense for the first time at summary judgment, so long as there was no showing of prejudice or bad faith.").  Those district court cases that continue the practice of applying motion to amend standards in this context, including the case on which Plaintiff principally relies, do so on the basis of earlier Second Circuit cases.  *See Reyes v. Phx. Bevs., Inc.*, 207 F. Supp. 3d 206, 217 (E.D.N.Y. 2016) (quoting *Saks v. Franklin Covey Co.,* 316 F.3d 337, 350–51 (2d Cir. 2003)).  Numerous other cases have followed the more recent Circuit cases, and considered unpleaded defenses without ever referring to an amendment of the pleadings.  *E.g.*, *E. Sav. Bank, FSB v. Aufiero*, No. 14-CV-0256 (JFB) (AYS), 2016 U.S. Dist. LEXIS 32470, at *13–14 n.4 (E.D.N.Y.); *Schwind v. EW & Assocs.*, 357 F. Supp. 2d 691, 698–99 (S.D.N.Y. 2005) (discussing both approaches before exercising its discretion to "consider and decide the [unpleaded defenses] on the

merits without formal amendment of the Answer because there was no surprise or preju-

dice. . . .").

  Moreover, *Reyes* appears to be the only case cited by Plaintiff where the Court applied

the motion to amend standard in circumstances similar to this case.  And, even in *Reyes*, the

court actually *did* reach the merits of the unpleaded defenses, because it concluded that those de-

fenses would fail and therefore denied the *de facto* motion to amend on the basis of futility.  207

F. Supp. 3d at 217–18.  In any event, even under Plaintiff's proposed analysis, the Court should

still address Defendants' arguments because, for the reasons discussed above, Plaintiff cannot

demonstrate prejudice to himself or bad faith by Defendants.[7]

## II.

### THE *COOPER III* GENERAL RELEASE COVERS
### ALL OF PLAINTIFF'S CLAIMS INCLUDING MALICIOUS PROSECUTION

  Plaintiff appears to concede that, if the *Cooper III* release applies, it operates to extin-

guish all of his remaining claims except those for malicious prosecution and denial of fair trial.

*See generally* Pl.'s Br. at 11–15 (seeking to rehabilitate only those claims).  As Defendants antic-

ipated, Plaintiff argues that those claims survive because they did not accrue until after the re-

lease date.  *See* Defs.' Br. at 13.  But Plaintiff is wrong for multiple reasons.

---

[7] Defendants note that Rule 16(b) does not appear to apply because there is no clear indication that the Court previously set a deadline for amendments the pleadings.  While the docket entry for the September 9, 2014 initial conference notes "Scheduling order adopted", no such order appears anywhere else on the docket, and counsel for both sides have thus far been unable to locate any such order (proposed or final) in their files.  As a result, the only "scheduling order" presently evidenced on the record is the docket entry itself, which contains only a deadline for the close of discovery, and not for amending the pleadings.  A motion to amend cannot not be considered untimely under Rule 16(b) absent concrete evidence of a previously established deadline for amendments, and the Court would therefore only need to consider such a motion under Rule 15(a).

Plaintiff argues that the *Cooper III* General Release does not cover his malicious prosecution claim because the criminal charges were not dismissed until after the release date. Pl.'s Br. at 15. Although he never says it in so many words, Plaintiff is obviously trying to read the General Release in a way that limits it to claims that were fully accrued at the time of the release. But that reading is not supported by the actual language of the General Release, which covers not only fully-accrued claims, but also any subsequently accrued claims "arising out of past events." *Coward v. City of New York*, No. 16-CV-4848 (FB), 2017 U.S. Dist. LEXIS 107556, at *2 (E.D.N.Y. July 12, 2017). *See also* Defs.' Br. at 9. The Court should reject Plaintiff's attempt to import such a limitation into the plain language of the General Release. *Lloyd v. City of New York*, 2017 U.S. Dist. LEXIS 77716, at *5–8 (S.D.N.Y. May 22, 2017) (citing *Tromp v. City of New York*, 465 F. App'x 50, 52–53 (2d Cir. 2012)).

Even the recent case highlighted by Plaintiff supports Defendants' contention that the malicious prosecution claim "arises out of" the initiation of the prosecution in January 2012—not the dismissal of the charges in December of 2013. *See Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017) (stating the well-settled principle that a malicious prosecution claim "involves detention resulting from '*wrongful institution* of legal process.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)). The Supreme Court's literal emphasis on "*wrongful institution*" is precisely the point: Plaintiff's malicious prosecution claim "result[s] from" (*i.e.* "arises out of") the (allegedly) wrongful initiation (or "*institution*") of the prosecution, not its ultimate conclusion. Thus, for purposes of the General Release, the operative date of Plaintiff's malicious prosecution claim was in January 2012 when the prosecution was initiated. *Cf. Town of Newfane v. Gen. Star Nat'l Ins. Co.*, 14 A.D.3d 72, 73, 784 N.Y.S.2d 787, 788 (4th Dep't 2004) (concluding that, for purposes of a liability policy, "the tort [of malicious prosecution] was committed when

the criminal prosecution was instituted.").  Because the prosecution in this case was initiated be-tween the "beginning of the world" and the date of the release, all claims "arising out of" that event—including Plaintiff's malicious prosecution claim—are covered by the settlement in *Cooper III*.[8]

Plaintiff also argues that his denial of fair trial claim generally survives the release be-cause it only accrued upon favorable termination.  Pl.'s Br. at 12–13.  Defendants disagree.  The cases Plaintiff relies on involved plaintiffs who had been convicted following an allegedly taint-ed criminal trial.  *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 394 (S.D.N.Y. 2016); *Bailey v. City of New York*, 79 F. Supp. 3d 424, 454–55 (E.D.N.Y. 2015).  Under the rule announced in *Heck v. Humphrey*, each of them had to establish that his conviction had been reversed or vacated prior to bringing suit under § 1983.  *See, e.g.*, *Shabazz*, 201 F. Supp. 3d at 394 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).  However, in cases like this one, where the criminal case was dismissed without trial, courts generally hold that a denial of fair trial claim accrues "when fabricated information is forwarded to the prosecution".  *Cook v. City of New York*, 243 F. Supp. 3d 332, 351 (E.D.N.Y. 2017) (quoting *Soomro v. City of New York*, 174 F. Supp. 3d 806, 816 (S.D.N.Y. 2016)).  Fundamentally, however, the accrual of Plaintiff's fair trial claim is no more relevant than the accrual of his malicious prosecution claim.

There is no dispute that the allegedly fabricated information in this case was forwarded to the prosecutors in January 2012 (*see, e.g.*, Pl.'s Br. at 13, 19); any claim arising from that act would therefore be barred by the *Cooper III* General Release, and the only claims that might sur-

---

[8] For the reasons stated in *Debrosse v. City of New York*, No. 14-CV-3822 (AMD) (CLP), 2017 U.S. Dist. LEXIS 121723, at *16–18 (E.D.N.Y. Aug. 2, 2017), Defendants do not concede that the termination of Plaintiff's prosecution was "favorable".  Because Defendants served their opening brief prior to that decision, they respectfully request leave to raise the issue of favorable termination in supplemental briefing if necessary.

vive that release are those which arise solely out of Defendants' conduct at the suppression hearing in November and December 2013.  Defs.' Br. at 13.  But, because the officers enjoy absolute immunity for their testimony at that pretrial proceeding, (Defs.' Br. at 18), any such claim would necessarily fail.[9]

### III.

### PLAINTIFF HAS NOT ESTABLISHED A GENUINE ISSUE OF MATERIAL FACT THAT WOULD DEFEAT THE ASSERTION OF QUALIFIED IMMUNITY

In his responding statement of facts pursuant to Local Civil Rule 56.1(b), Plaintiff purports to dispute seven of Defendants' factual assertions (out of a total of twenty-eight).  *See* Plaintiff's Response to Defendants' Statement of Undisputed Facts and Counter Statement of Undisputed Facts (docket no. 51) ("Pl.'s 56.1") at ¶¶ 1–5, 7–8.  None of those putative disputes is sufficient to defeat summary judgment.  The only one for which Plaintiff presents cognizable evidence is his contention that he was only pursued by Officer Walsh, and not by Officer Taylor. *See* Pl.'s 56.1 at ¶¶ 2–5.[10]  However, even under Plaintiff's set of "facts", Officer Taylor would still be entitled to qualified immunity.  Plaintiff does *not* dispute that Officer Walsh pursued him and saw him toss a black scarf into the grass where Pizzarro found the gun.  Pl.'s 56.1 at ¶¶ 4–6. Plaintiff also does not dispute that it would have been reasonable for Officer Walsh to conclude, based on his own observation, that Plaintiff had tossed a gun, and that probable cause therefore existed to arrest him.  Defs.' Br. at 20–21.  Even if Officer Taylor did not personally pursue Plaintiff, and therefore did not personally see him throw a dark object into the grass, Taylor would nevertheless be entitled to rely on "the observations or allegations of a 'fellow officer'".

---

[9] Moreover, Plaintiff has not established that Officer Walsh—who did not testify—had any opportunity to prevent Pizzarro or Taylor from given false testimony, and Walsh cannot therefore be found liable of a "failure to intervene".

[10] Due to space constraints, Defendants will address the other purported "disputes" at oral argument.

*Cordero v. City of New York*, No. 15-CV-3436 (JBW), 2017 U.S. Dist. LEXIS 171961, at *18 (E.D.N.Y. Oct. 17, 2017) (citing *Martinez v. Simonetti*, 202 F.3d 625 (2d Cir. 2000)).  Thus, so long as Officer Walsh saw Plaintiff toss the scarf, all three of the officers had at least arguable probable cause to arrest Plaintiff, even under Plaintiff's version of events, and all three of them are therefore entitled to summary judgment on the basis of qualified immunity.  *See* Defs.' Br. at 20–21.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' opening brief, Plaintiff has failed to establish a right to recover on any of his claims, and Defendants are therefore entitled to summary judgment as a matter of law.  Defendants respectfully request that the Court grant their motion in its entirety, dismiss the Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       November 3, 2017

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants City of New York, Walsh,*
       *Taylor, and Pizzarro*
100 Church Street
New York, New York 10007
(212) 356-2661


By: _____
     Tobias E. Zimmerman
     *Senior Counsel*
     Special Federal Litigation Division

cc:    Robert Marinelli, Esq. (**via ECF**)
       *Attorney for Plaintiff*